Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEY FOR DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **2999TC ACQUISITIONS, LLC,** | § | **CASE NO. 21-31954-hdh11** |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |

**DEBTOR'S SECOND SUPPLEMENTAL RESPONSE IN
OPPOSITION TO MOTION TO ENFORCE AGREED ORDERS**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COMES NOW 2999TC Acquisitions, LLC, Debtor in the above styled and numbered case ("Debtor"), and files this Second Supplemental Response in Opposition to the Motion to Enforce Agreed Orders filed by HNGH Turtle Creek, LLC (Doc. No. 134, the "Motion"), and in support would show the Court the following:

1. In its Motion, HNGH Turtle Creek, LLC ("HNGH") requests relief from the Court on an expedited basis that cannot be granted without the filing of an adversary proceeding. Specifically, HNGH requests a) a determination by the Court of an interest in property, b) a determination of the validity and extent of a lien against property, c) a declaration that HNGH owns the subject property, and d) injunctive relief against the Debtor and its counsel.

2. The relief that is being sought in the Motion is set forth as follows:

**REQUEST FOR RELIEF**

> 18. Accordingly, HNGH requests that this Court enter an order substantially in the form of the attached **Exhibit A**. HNGH respectfully requests that this Court confirm that HNGH is now the rightful legal owner of the Property, with all right, title, and interest therein free and clear of all liens, claims, encumbrances, and clouds on title asserted or that could be asserted by the Debtor, Tim Barton, and any other entities set forth in the Stipulation and Agreed Orders. HNGH further requests that this Court require the Debtor to take all steps necessary to release its Lis Pendens, and to actually cause the release of its Lis Pendens, not later than seven days after entry of an order approving this Motion. Moreover, HNGH requests that this Court hold the Debtor, Tim Barton, and any other necessary party in contempt of court should they interfere with HNGH's enjoyment of the Property, or seek to assert litigation against HNGH that they have previously waived, released, adjudicated to judgment, or had dismissed with prejudice to refiling.
>
> WHEREFORE, HNGH requests that the Court enter an order granting this Motion, substantially in the form attached hereto as **Exhibit A**.

3. However, the relief is further elaborated in the proposed order attached as Exhibit A to the Motion (the "Proposed Order"), a copy of which is also attached hereto as **Exhibit A**, and contains the following proposed findings and orders:

> WHEREAS the Deed-in-Lieu (as defined in the Agreed Orders) is *hereby deemed a valid, unavoidable pre-petition transfer* agreed to by the Debtor and the Debtor is *hereby be deemed to have waived any right to challenge, seek to avoid, or otherwise contest the validity of the transfer of the Property* to HNGH through the Deed-in-Lieu.
>
> …
>
> WHEREAS as a result of the Debtor's Default and the aforementioned releases, waivers, and indemnification obligations, none of the Barton Parties identified in the Second Agreed Order or similarly described in the Adversary Judgment *shall have any lien, claim, encumbrance, or cloud on title against the Property.*
>
> …
>
> WHEREAS, should any of the Barton Parties identified in the Second Agreed Order or Adversary Judgment assert such a claim against the Property or HNGH or any of the HNGH Parties, this *Court finds good cause that such party should be sanctioned* this Court for violating this Court's orders.
>
> …

IT IS HEREBY:

…

ORDERED, ADJUDGED AND DECREED that *the Deed-in-Lieu was a valid conveyance, and that HNGH is the owner of the Property* pursuant to that Special Warranty Deed recorded as Instrument Number 202100327172 in real property records of Dallas County, Texas on or about November 1, 2021. It is further

ORDERED, ADJUDGED and DECREED that the *Debtor shall have no further right, title, or interest in the Property, nor any lien, claim, encumbrance, or cloud on title against the Property. The Debtor shall have seven (7) days from the entry of this Order to remove its Lis Pendens,* Instrument Number 202100333511, from the Property. If the Debtor fails to timely remove its Lis Pendens and all other clouds on title against the Property by that time, the Debtor shall be required to show cause why it should not be held in contempt of court and sanctioned. It is further

ORDERED, ADJUDGED AND DECREED that *if the Debtor re-files or otherwise seeks to adjudicate the Extension Motions against HNGH, the Debtor and its counsel, Joyce Lindauer and Khudabuksh Walji, will be required to show cause* why they should not be sanctioned. It is further

ORDERED, ADJUDGED AND DECREED that the Barton Parties *shall indemnify the HNGH Parties (as defined in the Second Agreed Order) for any expenses incurred in any litigation asserted* by or on behalf of any Barton Party against any HNGH Party in any possible way relating to the Property, the Loan Documents, or any other corresponding matter, now or in the future, as set forth in the Second Agreed Order and in this Order.

…

See pages 2 and 3 of Exhibit A. *Emphasis added.*

3. Federal Rule of Bankruptcy Procedure 7001 provides that the following are adversary proceedings:

(1) a proceeding to recover money or property …

(2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property …

…

(7) a proceeding to obtain an injunction or other equitable relief …

…

> (9) a proceeding to obtain a declaratory judgment relating to any of the foregoing …

4. The Motion would have the Court adjudge and declare that the Deed-in-Lieu was a valid conveyance and HNGH is the owner of the Property, which the Debtor opposes and cannot be done without an adversary proceeding pursuant to Fed. R. Civ. Pro. 7001(1) and (9).

5. The Motion would further have the Court adjudge and declare that the Debtor has no right, title, or interest in the Property, nor any lien, claim, encumbrance, or cloud on title against the Property, which the Debtor opposes and cannot be done without an adversary proceeding pursuant to Fed. R. Civ. Pro. 7001(1), (2) and (9).

6. The Motion would also have the Court mandate that the Debtor remove the *lis pendens* it filed against the subject property, which constitutes affirmative injunctive relief that cannot be granted outside of an adversary proceeding pursuant to Fed. R. Civ. Pro. 7001(7).

7. The Motion would also have the Court prohibit the Debtor and its counsel from filing further possible pleadings in this Court, and prospectively award sanctions against them if they do so, which again constitutes affirmative injunctive relief that cannot be granted outside of an adversary proceeding pursuant to Fed. R. Civ. Pro. 7001(7).

8. The Motion seeks all the above relief on an emergency basis, but no facts supporting the alleged emergency are presented. The subject property is fully insured and secured by the Debtor, and the Debtor has paid all current property taxes. HNGH has offered no evidence to justify depriving the Debtor of its procedural and substantive due process protections, including but not limited to those provided under Rule 7001 to a fully developed and measured trial before this Court on issues that could prove to be vital for the Debtor's continued existence.

9. As Mr. Nambiar testified, the only detriment to HNGH from a more measured consideration of the issues is that their money is tied up, which affects HNGH's cost of capital. That argument is true of almost all creditors, all of the time, and does not constitute grounds for an expedited consideration of the HNGH Motion or bypassing the requirements of an adversary proceeding.

WHEREFORE, PREMISES CONSIDERED, Debtor respectfully requests, for the reasons stated herein, that the Court enter an order as follows:

a. denying HNGH's Motion to Enforce Agreed Orders; and

b. granting such other and further relief in law or in equity to which Debtor may show itself entitled.

Dated: June 28, 2022

Respectfully submitted,

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
ATTORNEY FOR DEBTOR

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 28, 2022, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties receiving electronic notice in this case listed below.

Jeffery D. Carruth
jcarruth@wkpz.com,
jcarruth@aol.com;atty_carruth@trustesolutions.com;carruthjr87698@notify.bestcase.com

Katherine T. Hopkins
katherine.thomas@kellyhart.com

John J. Kane
jkane@krcl.com, ecf@krcl.com;jkane@ecf.courtdrive.com

Sherrel K. Knighton
Sherrel.Knighton@lgbs.com, Dora.Casiano-Perez@lgbs.com;Sean.French@lgbs.com;Dallas.Bankruptcy@lgbs.com

Joyce W. Lindauer
joyce@joycelindauer.com, dian@joycelindauer.com;12113@notices.nextchapterbk.com

Steven C. Metzger
smetzger@pmklaw.com

Russell Hale Neilson
hneilson@parkinslee.com, hneilson@ecf.courtdrive.com

Robin Eric Phelan
robin@phelanlaw.org

United States Trustee
ustpregion06.da.ecf@usdoj.gov

Kyle Woodard
kwoodard@krcl.com, KWoodard@ecf.courtdrive.com

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer

# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **2999TC ACQUISITIONS, LLC,** | § | **CASE NO. 21-31954-hdh** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**<u>ORDER GRANTING HNGH TURTLE CREEK, LLC'S MOTION TO ENFORCE AGREED ORDERS</u>**

CAME ON FOR CONSIDERATION BY THE COURT the *Motion to Enforce Agreed Orders* (the "**Motion**") filed on June 3, 2022 by HNGH Turtle Creek, LLC ("**HNGH**"), and the Court, having reviewed all pleadings and orders in this case, including the Debtor's *Emergency Motion to Extend Time and Motion to Compel* [Dkt. Nos. 128 and 129], and the Debtor's *Notice of Withdrawal of Emergency Motion to Extend Time and Motion to Compel* [Dkt No. 133], the pleadings and orders in Adversary Proceeding No. 21-03085, evidence presented, and the arguments of counsel, and having found

WHEREAS the Debtor and HNGH are parties to an *Agreed Order Regarding Motion to Lift Stay [Doc. 10], Motion to Dismiss [Doc. 9], Motion for Sanctions [Doc. 15], and Motion to Enforce Stay [Doc. 14]* (the "First **Agreed Order**") [Doc. 64] which resolved make-or-break contested matters pending before this Court. And

WHEREAS the Debtor, HNGH, Tim Barton and other entities are parties to that certain *Stipulation* [Dkt. No. 91] (the "**Stipulation**") and *Agreed Order Modifying Order on Motion to Dismiss and for Relief from Stay* [Dkt No. 94] (the "**Second Agreed Order**" and with the First Agreed Order, the "**Agreed Orders**") and *Agreed Order of Judgment and Dismissal of Adversary Proceeding with Prejudice to Refiling*

(the "**Adversary Judgment**") which were negotiated and agreed to in good faith, and which are enforceable pursuant to their express terms. And

WHEREAS the Debtor failed to pay or cause the Payoff Amount to be paid to HNGH by the Payoff Deadline. Accordingly, a Default has occurred under the Agreed Orders. And

WHEREAS the Deed-in-Lieu (as defined in the Agreed Orders) is hereby deemed a valid, unavoidable pre-petition transfer agreed to by the Debtor and the Debtor is hereby be deemed to have waived any right to challenge, seek to avoid, or otherwise contest the validity of the transfer of the Property to HNGH through the Deed-in-Lieu. And

WHEREAS the releases, waivers, and indemnification obligations provided by the Barton Parties and others in the Stipulation, Second Agreed Order, and Adversary Judgment are binding and enforceable. And

WHEREAS as a result of the Debtor's Default and the aforementioned releases, waivers, and indemnification obligations, none of the Barton Parties identified in the Second Agreed Order or similarly described in the Adversary Judgment shall have any lien, claim, encumbrance, or cloud on title against the Property. And

WHEREAS, should any of the Barton Parties identified in the Second Agreed Order or Adversary Judgment assert such a claim against the Property or HNGH or any of the HNGH Parties, this Court finds good cause that such party should be sanctioned this Court for violating this Court's orders. IT IS HEREBY:

ORDERED, ADJUDGED AND DECREED that HNGH's Motion is GRANTED. It is further

ORDERED, ADJUDGED AND DECREED that the Deed-in-Lieu was a valid conveyance, and that HNGH is the owner of the Property pursuant to that Special Warranty Deed recorded as Instrument Number 202100327172 in real property records of Dallas County, Texas on or about November 1, 2021. It is further

ORDERED, ADJUDGED and DECREED that the Debtor shall have no further right, title, or interest in the Property, nor any lien, claim, encumbrance, or cloud on title against the Property. The Debtor shall have seven (7) days from the entry of this Order to remove its Lis Pendens, Instrument Number 202100333511, from the Property. If the Debtor fails to timely remove its Lis Pendens and all other clouds on title against the Property by that time, the Debtor shall be required to show cause why it should not be held in contempt of court and sanctioned. It is further

ORDERED, ADJUDGED AND DECREED that if the Debtor re-files or otherwise seeks to adjudicate the Extension Motions against HNGH, the Debtor and its counsel, Joyce Lindauer and Khudabuksh Walji, will be required to show cause why they should not be sanctioned. It is further

ORDERED, ADJUDGED AND DECREED that the Barton Parties shall indemnify the HNGH Parties (as defined in the Second Agreed Order) for any expenses incurred in any litigation asserted by or on behalf of any Barton Party against any HNGH Party in any possible way relating to the Property, the Loan Documents, or any other corresponding matter, now or in the future, as set

forth in the Second Agreed Order and in this Order. It is further

ORDERED, ADJUDGED AND DECREED that when the Debtor removes its Lis Pendens against the Property, at which time the Debtor shall provide notice to HNGH that the Debtor has done so, HNGH shall release Timothy Barton from his Guaranty and shall dismiss the personal guaranty case with prejudice. It is further

ORDERED, ADJUDGED AND DECREED that the terms and conditions of this Order shall be effective and enforceable immediately upon its entry. It is further

ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction over all matters pertaining to this Order.

# # # END OF ORDER # # #