Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEY FOR DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **2999TC ACQUISITIONS, LLC,** | § | **CASE NO. 21-31954-hdh11** |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |

# DEBTOR'S BRIEF ON ADMISSIBILITY OF EXPERT TESTIMONY OF MARSHAL DOOLEY

COMES NOW 2999TC Acquisitions, LLC, Debtor in the above styled and numbered case ("Debtor"), and files this Brief on Admissibility of Expert Testimony of Marshal Dooley, and in support would show the Court the following:

1. On June 29, 2022, the Court held a continued hearing on the Motion to Enforce Agreed Orders filed by HNGH Turtle Creek, LLC's (Doc. No. 134, the "Motion"), and the objections of the Debtor thereto.

2. During the hearing, the Debtor was prepared to offer the testimony of Marshal Dooley as an expert witness on the subject of whether the special warranty deed tendered by HNGH Turtle Creek, LLC ("HNGH") to the Debtor constituted a "recission deed" as required by the A*greed Order Regarding Motion to Lift Stay*, *Motion to Dismiss*, *Motion for Sanctions and Motion to Enforce Stay* entered on December 10, 2021 [Doc. 64]. The Court did not allow this testimony from Mr. Dooley because it deemed such testimony to be in the nature of legal

conclusions outside the purview of an expert witness. There was no contention that Mr. Dooley did not meet the requirements of an expert witness on these issues.

3. Under Federal Rule of Evidence 702, an expert witness is limited to testimony on factual issues and cannot testify to what would be conclusions of law. However, Mr. Dooley's testimony will, if allowed, constitute factual evidence within the bounds of Rule 702. Specifically, Mr. Dooley will testify as an experienced real estate and banking attorney in the practice of representing commercial real estate lenders and borrowers that, as a matter of fact, a) a reasonable commercial real estate lender or borrower in the State of Texas would not and should not accept the special warranty deed proffered by HNGH as of May 31, 2022 as a recission deed that actually rescinded the deed-in-lieu of foreclosure recorded November 1, 2021 and dated October 29, 2021, b) a title company would not and should not issue a title insurance policy insuring clean title to the subject property based on the special warranty deed proffered by HNGH, and c) Mr. Dooley would not advise a commercial real estate lender or borrower to accept the proffered special warranty deed as a recission deed because it does not actually rescind the deed-in-lieu recorded November 1, 2021, but only conveys the property to the Debtor as of May 31, 2022, leaving a gap in Debtor's legal title between those dates. Further Mr. Dooley would address that such proposed deed on its face and due to the timing of its recordation may be impediment on title subject to the fact that it was recorded after the filing of a bankruptcy case further clouding the efficacy of its content and effectiveness. Such factual testimony is not prohibited by FRE 702.

4. Federal Rules of Evidence 703 provides further insight into the question of admissibility of Marshal Dooley's testimony. FRE 703 provides that an expert may base an opinion on facts or data that he has personally observed, and if experts in the particular field would reasonably rely on such facts in forming an opinion, they need not be admissible for the opinion

to be admitted. In this case, FRE 703 allows Mr. Dooley to discuss, for instance, the fact that he and other experts in the field of commercial real estate transactions could not and would not reasonably rely on the proffered special warranty deed as a recission deed because, as a matter of fact, it does not actually rescind the deed-in-lieu as of its recording date of November 1, 2021. In other words, in forming his opinion that the proposed special warranty deed leaves a "gap" from its recording date of November 1, 2021, to May 31, 2022 during which the Debtor would not have had continuing title to the property, Mr. Dooley could reasonably rely on the fact that the language in the special warranty deed expressly does not rescind its November 1, 2021 recordation date but only conveys the property to the Debtor effective as of May 31, 2022.

WHEREFORE, PREMISES CONSIDERED, the Debtor requests the court to allow the testimony of Marshal Dooley, to be limited to the above factual issues, and for such other relief as may be just.

Dated: June 30, 2022

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com

ATTORNEY FOR DEBTOR

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 30, 2022, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties receiving electronic notice in this case listed below.

Katherine T. Hopkins
katherine.thomas@kellyhart.com

John J. Kane
jkane@krcl.com, ecf@krcl.com;jkane@ecf.courtdrive.com

Sherrel K. Knighton
Sherrel.Knighton@lgbs.com, Dora.Casiano-Perez@lgbs.com;Sean.French@lgbs.com;Dallas.Bankruptcy@lgbs.com

Steven C. Metzger
smetzger@pmklaw.com

Russell Hale Neilson
hneilson@parkinslee.com, hneilson@ecf.courtdrive.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

Kyle Woodard
kwoodard@krcl.com, KWoodard@ecf.courtdrive.com

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer