John J. Kane (TX Bar No. 24066794)
**KANE RUSSELL COLEMAN LOGAN PC**
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299

***Counsel for HNGH Turtle Creek, LLC***

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 21-31954-SWE-11** |
| | § | |
| **2999TC ACQUISITIONS, LLC,** | § | **CHAPTER 11** |
| | § | |
| **DEBTOR.** | § | |
| | § | |

# MOTION TO STRIKE AND EXCLUDE DECLARATION OF RANDY MARX AND NEWLY CREATED DOCUMENT ATTACHED THERETO

HNGH Turtle Creek, LLC ("**HNGH**") files this *Motion to Strike and Exclude Declaration of Randy Marx and Newly Created Document Attached Thereto* (the "**Motion to Strike**"), and would respectfully show the Court as follows:

## BACKGROUND

1. On June 10, 2022, the Debtor called Randy Marx ("**Marx**") to testify in support of the Debtor's case in chief during the ongoing evidentiary hearing on HNGH's *Motion to Enforce Agreed Orders* [Dkt. No. 134]. Mr. Marx's testimony lasted for hours on end. Mr. Marx was the only witness to testify at settings on June 10th, 15th, and 21st, and was one of only two witnesses to testify on June 23rd. Mr. Marx's testimony likely exceeded 12 hours on the stand, and Debtor's counsel was provided an opportunity to rehabilitate Mr. Marx's testimony on re-direct. Debtor's counsel did, in fact, attempt to rehabilitate Mr. Marx on re-direct, and did so for approximately 30+

pages of transcript testimony. After both HNGH and the Debtor passed the witness and agreed that they had no further questions, Mr. Marx was released from the trial.

2. On June 29, 2022, six days after Mr. Marx was released from trial, the Debtor took the unprecedented step of submitting a declaration signed by Marx (the "**Marx Declaration**") [Dkt. No. 198] in which Mr. Marx, on behalf of the Debtor, sought to supplement and "clarify" his trial testimony after his review of the trial transcript. The Debtor included with the Marx Declaration a new exhibit which appears to have been prepared *after* this Court released Mr. Marx from trial, and which contains Mr. Marx's personal annotations (the "**Marx Exhibit**").

**GROUNDS TO STRIKE MARX DECLARATION**

3. Marx's Declaration is unequivocally inadmissible hearsay. *See* FRE 801. Mr. Marx's Declaration is a written statement made outside of the current trial and offered for the truth of the matter asserted. It does not fall into any recognized exception to the hearsay rule. Further, the Exhibit contains hearsay within hearsay, as it contains what Marx describes as his "interlineations." MARX DECLARATION ¶ 6.

4. Not only does Debtor seek to offer inadmissible hearsay testimony through the Marx Declaration, but through the newly-created Marx Exhibit. As it was only recently prepared by Mr. Marx, the Marx Exhibit was obviously not included in the Debtor's exhibit list, was never previously provided to HNGH, and was not presented by the Debtor or Marx during his lengthy testimony. Accordingly, the Marx Exhibit is inadmissible under Bankruptcy Rule 9014(c), which incorporates Bankruptcy Rule 7037 in contested evidentiary matters.

5. Further, Marx appears to acknowledge that someone other than him prepared the Exhibit. Instead of declaring that he prepared the Marx Exhibit, he claims: "I have since *had prepared*…." MARX DECLARATION ¶ 6 (emphasis added). Further, Marx does not even attempt to authenticate the Exhibit as a business record or otherwise. Accordingly, in addition to constituting

inadmissible hearsay under FRE 801, the Exhibit is also inadmissible as an unauthenticated document pursuant to FRE 901.

6. Finally, the Debtor's attempt to fix trial testimony it did not like and add newly created evidence after a witness has already testified makes a mockery of the trial process. After Mr. Marx was released from trial on June 23, 2022, Debtor's counsel Mr. Rodriguez asserted to this Court that, as part of his "trial or briefing strategy," he intended to attack certain provisions of the rescission instrument that HNGH revised and returned to the Debtor at around 6:00 pm on May 30, 2022. Trial Transcript, June 23, 2022, p. 178 ¶ 6 – p. 183 ¶ 4. In his argument to the Court, Mr. Rodriguez pointed to specific provisions of the HNGH revised rescission instrument which he claimed were improper or fatal, and asserted that Mr. Marx's testimony to the contrary was "mistaken." *Id.* at p. 181 ¶¶ 22-24.

7. Presumably, if Mr. Rodriguez believed that to be true on June 23, 2022, the day on which the Debtor rehabilitated Mr. Marx's testimony on redirect, the Debtor could have addressed that with Mr. Marx on the stand. Further, Mr. Rodriguez's argument to the Court suggests that the Debtor was prepared at that time to solicit such testimony from Mr. Marx, if Mr. Marx would provide it.

8. Instead, the Debtor released Mr. Marx and, six days later, filed the Marx Declaration. Perhaps not unsurprisingly, the testimony in Mr. Marx's declaration is materially different than that provided in Court. Moreover, his new "clarifications" appear to more closely mirror Mr. Rodriguez's arguments and the Debtor's "trial or briefing strategy." Such after-the-fact witness testimony is inappropriate and eviscerates the importance of Mr. Marx's trial testimony. Further, allowing Mr. Marx the opportunity to provide such testimony in narrative form is inappropriate and objectionable, and would open up this and every trial to do-over after do-over any time a party is

dissatisfied with its witness's testimony. That would then allow additional cross examinations, which would destroy any hope of judicial economy.

9. Debtor already had an opportunity to solicit testimony from Marx, including both during direct examination and on redirect. Neither the Federal Rules of Civil Procedure nor any applicable local rule permit a party to submit a written "do-over" for a witness who has already testified.[1]

**WHEREFORE**, HNGH respectfully requests that the Court grant this Motion to Strike, exclude and not consider the Declaration of Randy Marx or the Marx Exhibit attached thereto for purposes of the trial of the contested matter involving HNGH, and grant HNGH such other and further relief to which it may be justly entitled.

DATED: June 30, 2022

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ John J. Kane*
John J. Kane (TX Bar No. 24066794)
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299
E-mail: jkane@krcl.com

***Counsel to HNGH Turtle Creek, LLC***

[1] Even if Debtor wished to recall Mr. Marx to the stand and make him available to further cross-examination, Debtor should seek leave of court to do so. HNGH would still oppose this, as Debtor has already had ample opportunity to examine Marx. No extraordinary circumstances exist to justify recalling Marx.

## CERTIFICATE OF CONFERENCE

I hereby certify that on June 30, 2022, I called Debtor's counsel, Joyce Lindauer at approximately 6:37 pm to determine whether the Debtor opposed the relief requested. I was unable to reach Ms. Lindauer but, given statements provided to the Court today regarding the Marx Declaration, assume that the Debtor opposes this Motion to Strike.

*/s/ John J. Kane*
John J. Kane

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 30, 2022, a true and correct copy of the foregoing document was filed with the Court and served via the Court's electronic case filing system (ECF) upon all parties receiving such electronic service in this proceeding.

*/s/ John J. Kane*
John J. Kane