Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEY FOR DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **2999TC ACQUISITIONS, LLC,** | § | **CASE NO. 21-31954-hdh11** |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |

**DEBTOR'S SURREPLY TO HNGH TURTLE CREEK, LLC'S REPLY IN SUPPORT OF ITS MOTION TO ENFORCE AGREED ORDERS (DOC. NO. 199)**

COMES NOW 2999TC Acquisitions, LLC, Debtor in the above styled and numbered case ("Debtor"), and files this Surreply to the "Reply in Support of Its Motion to Enforce Agreed Orders" (Doc. No. 199, the "Reply") filed by HNGH Turtle Creek, LLC ("HNGH"), and states the following in support:

1. Debtor argued in its "Second Supplemental Response in Opposition to Motion to Enforce Agreed Order" (Doc. No. 189) that the relief HNGH requested in its "Motion to Enforce Agreed Orders" (Doc. No. 134, the "Motion to Enforce") requires an adversary proceeding to be filed under Fed. R. Bankr. Pro. 7001. In the Reply, HNGH responds that such an adversary proceeding has already been filed (adversary proceeding no. 21-03085, the "Adversary Proceeding") and decided by an agreed order entered therein (Doc. No. 15, the "Adversary Order", entered March 18, 2022), therefore no new adversary case is required now. This argument fails because HNGH's misconduct and non-performance in refusing to provide documentation

necessary to close the transactions[1] required of the Debtor under Agreed Orders entered in this bankruptcy case (Doc. Nos. 64 and 94, the "Agreed Orders", entered December 10, 2021 and March 17, 2022, respectively) occurred in May, 2022, long after entry of the Adversary Order and Agreed Orders. In other words, the relief requested in the Motion to Enforce seeks declarative and injunctive orders from the Court that do not involve those Orders, but new affirmative relief of a type that can only be awarded in an adversary proceeding.

2. In the Motion to Enforce, HNGH requests the Court to "confirm that HNGH is now the rightful legal owner of the Property" (Motion to Enforce at p. 7, para. 18). However, no determination of ownership of the subject property was requested or made in the Adversary Proceeding. The Adversary Proceeding brought avoidance actions under 11 U.S.C. 547, 548 and 550. The Complaint in that case (Doc. No. 1, the "Complaint") did not seek a determination of the Debtor's ownership of the subject property, but avoidance of the purported conveyance to HNGH by a deed in lieu of foreclosure. See Complaint, ¶¶ 28-46, Claims I-III. Nor did the Adversary Order entered in the Adversary Proceeding determine or declare ownership to be vested in HNGH. As quoted by HNGH in the Reply, the relevant order found that:

> (ii) that the Debtor defaulted on its payment obligations under the Note by failing to pay all amounts due and owing by 1:00 pm ET on the maturity date, October 29, 2021; (iii) that following the Debtor's default, HNGH properly exercised its right to file the Deed in Lieu in accordance with the terms and conditions of the Forbearance Agreement; (iv) that HNGH caused the Deed in Lieu to be filed with the Dallas County Clerk before the Debtor commenced its Bankruptcy Case; (v) that the Debtor argues that the Deed in Lieu was not recorded in the Dallas County Real Property Records by the Dallas County Clerk until November 1, 2021 and so was unperfected as of the Petition Date; (vi) that the Debtor has not yet paid the Payoff Amount but has agreed to the dismissal with prejudice of the adversary proceeding, and that Timothy Barton and the Parties have agreed to the terms and conditions of this Adversary Order;

---

[1] Including but not limited to: a) the court-ordered rescission deed to be held by HNGH counsel during the pendency of the Agreed Order No. 64; b) the reinstated note which was encumbered by the HNGH Promissory Note to Happy State Bank (HSB) for $26M and HNGH repeatedly informed the Debtor that their HSB Note was unrelated to the Debtor or Debtor's property) and c) the documents required by Sendera Title Company under Schedule C, Item 11, etc.

Reply, p. 3, para. 8. Nowhere in these findings does the Court determine or declare ownership of the property. Only now in the Motion to Enforce does HNGH seek such a determination. Such relief cannot be granted without a new adversary proceeding under Rule 7001(2). Indeed, that issue cannot be decided now without a new adversary proceeding under Rule 7001(2), which mandates that the determination of an interest in a property be decided via an adversary proceeding[2].

3. HNGH also argues in the Reply that the Debtor has waived its right to oppose HNGH's requested relief for an order deeming HNGH to be the owner of the property. Reply, p.4. In support, HNGH refers to a passage from the Adversary Order reciting that the Debtor "release[d] and expressly waive[d] all claims and causes of action against Defendants … arising out of or that could arise out of or otherwise relate to any factual allegations set forth by Plaintiff in the Complaint, any other facts related to the Loan Documents or interactions of the Parties….". But this language merely releases matters arising from "factual allegations set forth by Plaintiff in the Complaint", not the conduct that took place afterwards in May 2022 when HNGH refused to supply the very documents that would have allowed the Debtor to close a loan with its new lender in order to pay off HNGH. HNGH's actions constitute new wrongdoings unrelated to the issues raised in the first Adversary Proceeding, thus were not contemplated by the above-referenced waiver.

4. HNGH argues further in the Reply that the Debtor has already waived its future right to bring a cause of action related to the Property, citing to the following language from the agreed order entered March 17, 2022 herein (Doc. No. 94) declaring that the Debtor and others "release and waive all claims and causes of action against [the HNGH Parties], whether known or

[2] Rule 7001(2) states in relevant part: "The following are adversary proceedings: … a proceeding to determine the validity, priority, or extent of a lien or other interest in property."

unknown, in any possible way related to the Property, the Loan Documents, or any other corresponding matter, now or in the future." Reply, p. 6. Again, this language does not cover a situation such as this in which HNGH has, well after entry of the said order, committed new acts designed to thwart the Debtor's good faith efforts to comply with order. This misconduct by HNGH has nothing to do with "the Property, the Loan Documents, or any other corresponding matter". Furthermore, the Debtor is not seeking to file a new cause of action, but only to require HNGH to comply with Rule 7001.

5. HNGH further argues that the Court has the authority to force the Debtor to remove its *lis pendens* without an adversary proceeding because it would merely be an enforcement of the Court's prior orders. Reply, p. 7. Unsurprisingly, HNGH does not point to any language in the Adversary Order that requires Debtor to remove the *lis pendens*, nor could it because such language does not exist. Only now, months after entry of the Order, does HNGH seek such relief, which without doubt constitutes affirmative injunctive relief necessitating an adversary proceeding under Rule 7001(7).

6. Finally, the Motion to Enforce seeks a prospective injunction against the Debtor and Timothy Barton, a request not dealt with in prior orders. Such injunctive relief requires an adversary proceeding under Rule 7001(7).

WHEREFORE, PREMISES CONSIDERED, Debtor respectfully requests, for the reasons stated herein, that the Court enter an order as follows:

a. denying HNGH's Motion to Enforce Agreed Orders; and

b. granting such other and further relief in law or in equity to which Debtor may show itself entitled.

Dated: July 1, 2022

Respectfully submitted,

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com

ATTORNEY FOR DEBTOR

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 1, 2022, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties receiving electronic notice in this case listed below.

Katherine T. Hopkins
katherine.thomas@kellyhart.com

John J. Kane
jkane@krcl.com, ecf@krcl.com;jkane@ecf.courtdrive.com

Sherrel K. Knighton
Sherrel.Knighton@lgbs.com, Dora.Casiano-Perez@lgbs.com;Sean.French@lgbs.com;Dallas.Bankruptcy@lgbs.com

Steven C. Metzger
smetzger@pmklaw.com

Russell Hale Neilson
hneilson@parkinslee.com, hneilson@ecf.courtdrive.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

Kyle Woodard
kwoodard@krcl.com, KWoodard@ecf.courtdrive.com

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer