Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEY FOR DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **2999TC ACQUISITIONS, LLC,** | § | **CASE NO. 21-31954-hdh11** |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |

**DEBTOR'S RESPONSE TO MOTION TO STRIKE AND EXCLUDE
DECLARATION OF RANDY MARX, AND MOTION TO REOPEN TESTIMONY**

COMES NOW 2999TC Acquisitions, LLC, Debtor in the above styled and numbered case ("Debtor"), and files this Response to Motion to Strike and Exclude Declaration of Randy Marx and Motion to Reopen Testimony, and would show the Court as follows:

1. On June 23, 2022, Mr. Randy Marx gave oral testimony before the Court during presentation of the Debtor's case at a continued hearing on the "Motion to Enforce Agreed Orders" (Doc. No. 134, the "Motion to Enforce") filed by HNGH Turtle Creek, LLC ("HNGH"), and the Debtor's objections thereto. During his testimony, Mr. Marx made several statements regarding the terms of a "Recission of Deed" being negotiated between the parties in May 2022.

2. After the June 23rd hearing, Mr. Marx reviewed the transcript of the hearing and realized that his testimony was unclear in some respects and did not accurately reflect his true intent in responding to the questions asked by Debtor's counsel. Concerned that the Court and/or HNGH and its counsel could misconstrue his testimony, on June 29, 2022, Mr. Marx submitted a "Notice of Filing of Declaration of Trial Witness Randy Marx Clarifying Prior Testimony" (Doc.

No. 198, the "Declaration") explaining and correcting his prior testimony and attaching as an exhibit a version of the Recission of Deed (the "Exhibit") which differs from the version offered into evidence during his testimony.

3. On June 30, 2022, HNGH filed a "Motion to Strike and Exclude Declaration of Randy Marx and Newly Created Document Attached Thereto" (Doc. No. 205, the "Motion to Strike") in which HNGH seeks to exclude the Declaration from the Court's consideration because a) it is inadmissible hearsay, b) the Exhibit is inadmissible under Bankruptcy Rule 9014(c), which incorporates Bankruptcy Rule 7037 in contested evidentiary matters, c) it is unclear whether Mr. Marx prepared the Exhibit himself, d) the Exhibit is inadmissible under Federal Rule of Evidence 901 as an unauthenticated document, e) to allow Mr. Marx to file the Declaration and have it considered by the Court would be "inappropriate and eviscerates the importance of Mr. Marx's trial testimony".

4. It is entirely within the Court's discretion to permit the additional testimony of Mr. Marx. Federal Rule of Evidence 403 leaves the decision as to admission of relevant evidence to the trial judge. *United States v. Brown*, 547 F.2d 1264 (5th Cir. 1977). Evidentiary decisions as to the admissibility of evidence should not be disturbed except for abuse of discretion. *United States v. Bailey*, 537 F.2d 845, 846 (5th Cir. 1976). The Court is given broad authority under Federal Rule of Evidence 611 to admit and control trial evidence in a way to ensure the complete truth is told, and in an efficient manner.[1] Given these authorities, the Debtor submits that the Court should deny the Motion to Strike for the reasons stated below.

---

[1] Federal Rule of Evidence 611 titled "Mode and Order of Examining Witnesses and Presenting Evidence" states in pertinent part:

> (a) Control by the Court; Purposes. The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:

4. The Declaration is not hearsay because it is not an "out-of-court statement" in the sense proscribed by Federal Rule of Evidence 801. Instead, it is a statement prepared expressly for the purpose of being presented *in* court to clarify and correct prior testimony which the witness now realizes was unclear and wishes to clarify. Mr. Marx offers in the Declaration to make himself available in court for cross-examination on the Declaration, which eliminates any possible prejudice to HNGH. The Debtor hereby joins in the offer to present Mr. Marx for such cross-examination.

5. Bankruptcy Rule 9014(c) is not applicable in this situation. That Rule incorporates the Part VII Rules regarding adversary proceedings in contested bankruptcy matters, one of which is Bankruptcy Rule 7037 as cited by HNGH. Rule 7037 in turn makes Fed. R. Civ Pro. 37 applicable in adversary proceedings and by extension, contested matters. Fed. R. Civ Pro. 37 is a lengthy rule regarding sanctions for failure to make disclosures in discovery. HNGH does not identify the portion of this Rule to which it is referring, but assuming HNGH is implying that the Debtor or Mr. Marx have failed to disclose requested discovery, that is simply not the case. The Exhibit is a corrected version of a working document, the Rescission of Deed, that was being negotiated by the parties at a time before the hearing, red-lined with comments by both counsel for HNGH and Mr. Marx. Both parties shared in the creation of this document and it was not a topic of discovery. Neither the Debtor nor Mr. Marx failed to disclose the Exhibit to HNGH, they merely seek to address the fact that the version of the document presented at the hearing was inadvertently altered and should be corrected by introduction of the Exhibit and Mr. Marx's accompanying testimony.

---

(1) make those procedures effective for determining the truth;

(2) avoid wasting time . . .

6. HNGH questions whether the Exhibit was prepared by Mr. Marx himself and thus whether the Exhibit is authentic. It is true that Debtor's counsel assisted Mr. Marx in preparing the Exhibit, but only in an administrative capacity to help Mr. Marx formulate the document as he wished. The substance of the Exhibit is Mr. Marx's work, as he will testify if allowed by the Court.

7. HNGH generally objects to the submission of the Declaration as inappropriate because it differs from the prior testimony of Mr. Marx and would somehow compromise the integrity of the trial process. However, it is precisely that integrity that Mr. Marx is seeking to protect by making certain that his prior testimony, which admittedly contained some unclear statements which he now realizes could be misconstrued, is not taken as the "whole truth" he swore to give as his testimony when sworn in as a witness. Debtor submits that Federal Rule of Evidence 611, cited above, charges the Court with the duty to fashion trial procedures ensuring that witnesses in Mr. Marx's situation have an opportunity to correct otherwise unclear prior testimony.

8. The Debtor is not seeking an unfair advantage over HNGH by assisting Mr. Marx to prepare and submit the Declaration, but only to present to the Court a full and complete explanation of the reasons the Recission of Deed in the form proposed by HNGH will not allow the Debtor to close the transactions required to obtain new financing and pay off its obligations to HNGH as it promised in its plan of reorganization. The situation is analogous to a motion for new trial under Fed. R. Civ. Pro. 59(a)(2), which allows the Court the discretion to reopen a case after a judgment is entered to take additional testimony. No judgment has been entered in the present case, which makes Rule 59 inapplicable, but also makes it easier for the Court to address this issue now, while the hearing is still ongoing, rather than in a motion for new trial after a final order is entered. This would serve the interests of judicial economy, not be contrary to it as HNGH

contends. As cited above, Federal Rule of Evidence 611 encourages the Court to control and order testimony so as to "not waste time".

9. Based on the foregoing, and in order to address HNGH's objections to the Declaration as an unfair "narrative" form of testimony, the Debtor hereby requests the Court to reopen the testimony to allow Mr. Marx to be re-called as a witness, subject to cross-examination by HNGH. In his renewed testimony the Debtor will offer the Declaration and Exhibit as a document to be added to the trial record, or, if HNGH or the Court prefers, Mr. Marx will provide new oral testimony in substantially the same form.

WHEREFORE, PREMISES CONSIDERED, Debtor respectfully requests, for the reasons stated herein, that the Court enter an order as follows:

a. Allowing the Declaration and Exhibit to be admitted as evidence to be considered by the Court in the hearing on HNGH's Motion to Enforce; alternatively

b. Re-opening the testimony of Randy Marx to allow him to testify as to substantially the same matters raised in the Declaration and Exhibit, subject to cross-examination by HNGH, and

c. granting such other and further relief in law or in equity to which Debtor may show itself entitled.

Dated: July 4, 2022

Respectfully submitted,

*_/s/ Joyce W. Lindauer_*
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com

ATTORNEY FOR DEBTOR

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 4, 2022, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties receiving electronic notice in this case listed below.

Jeffery D. Carruth
jcarruth@wkpz.com,
jcarruth@aol.com;atty_carruth@trustesolutions.com;carruthjr87698@notify.bestcase.com

Katherine T. Hopkins
katherine.thomas@kellyhart.com

John J. Kane
jkane@krcl.com, ecf@krcl.com;jkane@ecf.courtdrive.com

Sherrel K. Knighton
Sherrel.Knighton@lgbs.com, Dora.Casiano-Perez@lgbs.com;Sean.French@lgbs.com;Dallas.Bankruptcy@lgbs.com

Joyce W. Lindauer
joyce@joycelindauer.com, dian@joycelindauer.com;12113@notices.nextchapterbk.com

Steven C. Metzger
smetzger@pmklaw.com

Russell Hale Neilson
hneilson@parkinslee.com, hneilson@ecf.courtdrive.com

Robin Eric Phelan
robin@phelanlaw.org

United States Trustee
ustpregion06.da.ecf@usdoj.gov

Kyle Woodard
kwoodard@krcl.com, KWoodard@ecf.courtdrive.com

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer