John J. Kane (TX Bar No. 24066794)
**KANE RUSSELL COLEMAN LOGAN PC**
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299

***Counsel for HNGH Turtle Creek, LLC***

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 21-31954-SWE-11** |
| | § | |
| **2999TC ACQUISITIONS, LLC,** | § | **CHAPTER 11** |
| | § | |
| **DEBTOR.** | § | |
| | § | |

## HNGH TURTLE CREEK, LLC'S OBJECTION TO DEBTOR'S FRE 106 MOTION TO COMPEL PRODUCTION OF DOCUMENTS

HNGH Turtle Creek, LLC ("**HNGH**") files this *Objection* (the "**Objection**") to the Debtor's *Motion Under Fed. R. Evid. 106 to Compel Immediate Production for Review and Potential Admission of Missing Documents and Attachments from HGNH's [sic] Email Evidence* (the "**Rule 106 Motion**") [Dkt. No. 160]. By this Objection, HNGH requests entry of an order denying the Debtor's Rule 106 Motion. In support hereof, HNGH respectfully states as follows:

## BACKGROUND

### A. THE TRIAL AND ADMISSION OF EVIDENCE

1. On June 10, 2022, HNGH and the Debtor commenced a hearing on HNGH's *Motion to Enforce Agreed Orders* (the "**Motion to Enforce**"). The hearing on the Motion to Enforce is an evidentiary hearing, and both HNGH and the Debtor timely filed witness and exhibit lists setting forth the exhibits that each party might seek to have admitted into evidence at the hearing [*see* Dkt. Nos.

141, 142].

2. On the first day of the hearing on the Motion to Enforce, HNGH sought the admission into evidence of the vast majority of its exhibits. After considerable discussions, the Debtor agreed to the admission of nearly 100 of HNGH's 120 proposed exhibits for various purposes, whether notice, to show the status of pending matters and steps taken towards closing, or for the truth of the matter asserted. Following a recitation to the Court by HNGH and the Debtor regarding which of HNGH's exhibits would be admitted and for what purpose, the Court admitted the exhibits into evidence for those stated purposes.

3. On that same day, June 10, 2022, HNGH closed its case-in-chief. Shortly thereafter, the Debtor sought the admission of certain of its exhibits, many of which were admitted at that time, and then called and began questioning its first witness.

**B. THE RULE 106 MOTION AND EXCHANGES BETWEEN COUNSEL**

4. On June 12, 2022, the Debtor filed a Notice of Appearance on behalf of Oscar Rey Rodriguez, an appellate lawyer who had joined the Debtor's legal team. At 10:10 p.m. on Sunday night, June 12, Mr. Rodriguez filed the Rule 106 Motion on behalf of the Debtor. In it the Debtor sought from this Court an order compelling HNGH to immediately produce, by no later than Monday, 5:00 pm, June 13, all "missing documents and 'Attachment[s]' referenced in or relative to HNGH's exhibits in the Pending Motion to Enforce proceedings." Rule 106 Motion, ¶ 1.

5. The Debtor did not identify any apparently missing documents or attachments to HNGH's exhibits, and provided no explanation of what documents and attachments "relative to HNGH's exhibits" might be. At 10:25 pm, just 15 minutes after the Debtor filed its motion, counsel for HNGH contacted Mr. Rodriguez by email and stated the following:

> I've reviewed your motion to compel. Which documents that have been admitted are incomplete or have attachments that are not included that are also not already in your client's possession? I am happy to comply with your request, but would like a little clarity on exactly what it is you're looking for.

Thank you in advance for your prompt clarification.

A true and correct copy of the above referenced email is attached as **Exhibit A**. No representative of the Debtor ever directly responded to the email attached as Exhibit A.

6. On June 16, 2022, Mr. Rodriguez contacted undersigned counsel and requested in a lengthy voicemail that HNGH go through its exhibits and provide attachments for all exhibits that reference an attachment. Mr. Rodriguez made clear that if HNGH did not cooperate, then the Debtor would seek a hearing to obtain all of the ESI associated with each exhibit and any referenced attachment.

7. Undersigned counsel was befuddled by the voicemail, largely because the vast majority of email exhibits already admitted into evidence did include the referenced attachments. If no attachment was included with the admitted exhibit, as such was the case for Lender's Exhibit 81 and 86, the attachments sought by the Debtor were already in the possession of Debtor's counsel, as the emails in question with referenced attachments *were sent directly to the Debtor's attorney*.

8. Dissatisfied with HNGH's lack of response to Mr. Rodriguez's voicemail, the Debtor had Mr. Rodriguez deliver an electronic letter the following day, June 17, demanding immediate production of exhibits missing attachments, including but not limited to more than 50 exhibits, some of which were not admitted into evidence. A copy of that letter is attached as **Exhibit B**. Confusingly, Mr. Rodriguez's letter appears to request attachments to attachments. For instance, Mr. Rodriguez demands production of the attachments to Lender's Exhibits 33-36. Included in that set of exhibits is Lender's Exhibit 33a, which is itself an attachment used at length by the Debtor in its questioning of its own witnesses. Similarly, Mr. Rodriguez demands production of attachments to Lender's Exhibit 36a. Exhibit 36a is itself an attachment, in fact the sole attachment, on an email from Cindy Davis to undersigned counsel, which was appropriately provided to the Debtor and which the Debtor agreed was admissible to show the status of pending matters and steps towards closing.

9. Similarly, the Debtor demands production of attachments to Lender's Exhibit 105, for example. Lender's Exhibit 105 does not include an attachment in its email heading. Even if it did, HNGH did not seek to admit Lender's Exhibit 105 into evidence. Moreover, Lender's Exhibit 105 is an email *from the Debtor* and copies *another Debtor attorney*. Any attachment that the Debtor wishes to obtain and review is, therefore, already in the possession of the Debtor.

10. Noting these issues, undersigned counsel reached out to Mr. Rodriguez and asked that Mr. Rodriguez please identify the documents or attachments not in the Debtor's possession that he believed were missing. Undersigned counsel again extended the offer to obtain and deliver any such missing documents, if only the Debtor would provide a narrowly tailored list of the Lender's Exhibits that the Debtor believed were incomplete or missing attachments not already in the Debtor's possession. That correspondence is attached hereto as **Exhibit C**. Once again, the undersigned counsel received no response, other than argument in Court and a request by Mr. Rodriguez to set the Rule 106 Motion for hearing.

## ARGUMENT

11. First, the Debtor's Rule 106 objection is untimely. The Debtor agreed to the admissibility of HNGH's exhibits before HNGH closed its case in chief. The Debtor did not assert any objection to HNGH's exhibits until after the exhibits were admitted. HNGH's exhibits were exchanged with the Debtor on June 7, 2022. The Debtor had ample time to review . Those exhibits are now admitted evidence. The Debtor had ample time to review HNGH's exhibits and to raise objections to their admissibility. In fact, that is precisely what the Debtor did. The Debtor noted to this Court numerous objections to many of HNGH's exhibits. It was not until later during the hearing that the Debtor and HNGH were able to resolve those objections and agree to the admissibility of certain of HNGH's exhibits for various purposes.

12. Second, the Debtor's Rule 106 Motion should be denied because the Debtor has not

identified with any particularity documents or attachments referenced in but missing from HNGH's admitted exhibits. As evidenced by Mr. Rodriguez's letter at Exhibit B, the Debtor simply cast a wide net encompassing more than 50 exhibits, many of which were not admitted or offered into evidence.

13. Third, the relief requested by the Debtor is entirely unnecessary as HNGH has already agreed to provide, on multiple occasions, any missing attachments not already in the Debtor's possession. There is absolutely no need for a hearing on the Rule 106 Motion at all, and the Debtor should not be rewarded for its failure to identify with specificity the exhibits it finds objectionable as incomplete under Rule 106.

14. **WHEREFORE**, HNGH requests that the Court enter an order denying the Debtor's Rule 106 Motion.

Dated: July 7, 2021

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ John J. Kane*
John J. Kane (TX Bar No. 24066794)
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299
E-mail: jkane@krcl.com

***Counsel to HNGH Turtle Creek, LLC***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 7, 2022, a true and correct copy of the foregoing document was filed with the Court and served via the Court's electronic case filing system (ECF) upon all parties receiving such electronic service in this proceeding.

*/s/ John J. Kane*
John J. Kane